IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| C. EDWARD MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 09-36-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| LEE LEVINSON, the Late Bloomer, | ) | |
| FAYE SCHWAB, Schwab Productions, | ) | |
| DAN SCHREIBER, Fresh N Smoked, | ) | |
| SCRIPTBLASTER.COM a/o Jane | ) | |
| Lineman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      C. Edward Moore
      P.O. Box 1124
      Astoria, Oregon   97103

           Pro Se Plaintiff

      Thomas Freedman , Jr.
      Pearl Law LLC
      312 NW 10th Avenue, Suite 201
      Portland , Oregon   97209

           Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff, a script writer, alleges he spent $200 on a service provided by defendant Scriptblaster.com, which is supposed to email a mini-synopsis of a script to movie producers. Three companies named as defendants contacted plaintiff when they received his mini-synopsis, but when plaintiff asked for a release they lost interest. Plaintiff filed his initial Complaint in January and an Amended Complaint in April, 2009.

Plaintiff has not filed a proof of service for any of the defendants, but in an abundance of caution defendants Lee Levinson, Faye Schwab, and Scriptblaster.com hired an attorney. Defendants' attorney requested a telephone status conference regarding the issues raised by the 88-page Amended Complaint. At that telephone conference, I struck the Amended Complaint for failing to provide a concise statement of facts and law, and for failing to identify the basis for this court's jurisdiction. I granted plaintiff leave to file a Second Amended Complaint and I relieved defendants of filing any response until further order of the Court.

Before the Court is plaintiff's Second Amended Complaint. Although substantially shorter, at 13 pages, it also fails to identify a proper basis for this court's jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Page 2 - OPINION AND ORDER

For purposes of diversity jurisdiction, plaintiff's citizenship must differ from defendants' citizenship, and the matter in controversy must exceed $75,000. The court may dismiss based on the amount in controversy only if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

Plaintiff fails to identify the citizenship of the parties. His address is in Oregon, but he does not identify the defendants' location.

Furthermore, I find "to a legal certainty" that the claim is for less than $75,000. Plaintiff alleges only that he paid $200 for the Scriptblaster.com service and that he is entitled to $25,000,000 as a "fair approximation of the open market value of his script." Second Amended Complaint at 13. Plaintiff's Second Amended Complaint, however, fails to allege facts that put the amount in controversy over $75,000. Plaintiff does not allege that Scriptblaster.com promised him that his movie script would be sold, only that it would send out his synopsis to "Entertainment Industry Professionals." Id. at 1. Further, when he was contacted by three producers, plaintiff does not allege that the defendant producers made any misrepresentations to him, that he gave his scripts to the defendant producers, or that they entered into a contract of any kind. Indeed, he alleges he made changes to a proposed release in order "to defeat the likelihood of the document Being construed as a Contract[.]" Id. at 2. Moreover, he admits that he would have a cause of action for "detrimental reliance" and "unjust enrichment if Plaintiff had fallen for the scam." Second Amended Complaint at 6 (emphasis added). In sum, plaintiff has failed to allege any damage from the defendants' actions, other than that he lost $200.

As for federal question jurisdiction, the Second Amended Complaint does not involve a federally created cause of action. See Murphey v. Lanier, 204 F.3d 911, 912 (9th Cir. 2000)

Page 3 - OPINION AND ORDER

(generally if federal law creates the cause of action, federal jurisdiction exists).  Plaintiff identifies as a basis for jurisdiction wire fraud, the Fourteenth Amendment of the United States Constitution, and the Uniform Commercial Code.  Wire fraud does not provide a basis for a civil cause of action except under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  18 U.S.C. §§ 1343, 1961.  Plaintiff has not alleged RICO as a legal theory nor has he alleged the facts to support a RICO cause of action.  Moreover, plaintiff does not allege facts supporting a constitutional violation or that any conduct was taken under color of state law within the meaning of Section 1983.  Private parties do not generally act under color of state law, Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991), and plaintiff does not allege any conduct on defendants' part which suggests that defendants' actions were state actions.  Finally, the Uniform Commercial Code is not a basis for federal jurisdiction; it consists of provisions that have been adopted into law by the Oregon legislature.

Although plaintiff is pro se, I note that he has extensive experience in the federal courts.  He has filed at least six cases in the District of California, and a complaint filed in the District of Oregon was recently dismissed for lack of federal jurisdiction.  See Defs.' Mot. for Extension of Time, Ex. A; C. Edward Moore v. Langlois, CV-09-793-ST, 2009 WL 2131712 (D. Or. July 13, 2009).

///


///


///

Page 4 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I dismiss plaintiff's Second Amended Complaint without prejudice. Accordingly, his Motion for Summary Judgment (#18) and Motion to Order Production of Documents (#19) are DENIED as moot.

IT IS SO ORDERED.

Dated this       10th        day of August, 2009.


                                            /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge